IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL BARR                    :        CIVIL ACTION
                              :
        v.                    :
                              :
FRANCIS FEILD, et al.         :        NO. 07-2793


MEMORANDUM

McLaughlin, J.                                February 7, 2012

        This is a suit under 28 U.S.C. § 1983 by Jamal Barr, an

inmate at State Correctional Institution-Graterford, asserting

violations of the Equal Protection Clause and his First Amendment

right to be free from retaliation.  On October 26, 2011, this

Court granted the defendants' motion for summary judgment on the

plaintiff's equal protection claim and denied it on the

plaintiff's retaliation claim.  The defendants have moved for

reconsideration of the Court's decision on the retaliation claim.

The Court grants the motion to the extent it amplifies its

earlier decision and considers the defendants' argument, but

again denies summary judgment on the retaliation claim.


I.   Facts

        On November 26, 2006, after a stint in the Restricted

Housing Unit ("RHU") following misconduct involving indecent

exposure and masturbation in his cell, Barr was initially

returned to the Old Side of the prison, where he had been housed

prior to his stay at the RHU.  There, he was informed that the

Old Side was too crowded.  Barr was then temporarily taken to the more restrictive New Side of the prison.  Barr Dep. 39-40.

After unsuccessful requests to be moved back to the Old Side, Barr filed two grievances on December 26th and 27th, 2006 (hereinafter the "December grievances").  One challenged his continued housing on the New Side, naming defendants Francis Feild and Blanca Rodriguez, among others.  The other challenged his inability to participate in sporting activities in the main yard and named defendant Feild, among others.[1]  See Opp. to MSJ, Exs. F, G.

Although the exact timing is not clear, the record reflects that in the spring of 2007, shortly after Barr filed his December grievances, defendant Rodriguez removed Barr from a trade course and musical activities.  Barr was denied access to various facilities.  Defendant Rodriguez then told Barr in a meeting that she would continue to restrict Barr's activities and keep him on the New Side, regardless of the outcome of Barr's

---

[1] Barr claims that a grievance he filed in January 4, 2006 (Grievance No. 140350) about inappropriate sexual conduct he observed between correctional officers set off a "ripple effect" and sparked an "institutional wariness."  Barr Dep. 49-50; Opp. to MSJ, Ex. E.  However, following an investigation into the incident, Barr was placed back into the Old Side of the prison. See Barr Dep. 11-12, 64-65.  The time line of events thus does not demonstrate that adverse actions were taken against him in response to this January grievance.

grievance.[2]   Barr Decl. ¶¶ 10, 12.   Two officers also refused to

issue a pass to Barr to attend religious services on orders from

Rodriguez.   Barr Decl. ¶¶ 13-14; Barr Dep. 26-27.

In May of 2007, Rodriguez voted to assign an "H" code

for high-risk inmates to Barr, which subjected Barr to further

restrictions.   Opp. to MSJ, Ex. D (hereinafter "Rodriguez Dep.")

137, 144-45.   H-code staffings are also reviewed and approved by

Major Field.   Id. at 52.   In June of 2007, Feild recommended Barr

for placement in an inmate tracking program, partly based on

Rodriguez's recommendation.   According to Barr, defendant Feild

threatened to put him in the RHU unless Barr agreed to placement

in the inmate tracking program.   Barr Decl. ¶ 15; Opp. to MSJ,

Ex. B (hereinafter "Feild Dep.") 165, 167.


II.  Analysis

Defendants Feild and Rodriguez argue that the Court

erred in denying summary judgment on Barr's retaliation claim

because the Court relied on inadmissible hearsay and did not

comply with Third Circuit requirements for decisions on qualified

immunity.   The Court addresses each of these concerns below.

---

[2] Barr would be able to testify to this at trial, as
Rodriguez's statement to Barr would qualify as a party admission.

A.   Qualified Immunity: *Forbes* and *Griffin*

Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Pearson v. Callahan, 555 U.S. 223 (2009); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Thus, qualified immunity analysis requires two inquiries: (1) whether the facts established a violation of a constitutional right and (2) whether at the time of the alleged violation, a reasonable officer would have known that his specific conduct violated clearly established constitutional rights.  Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996).

The defendants argue that the Court's October 26, 2011 decision failed to comply with the Third Circuit's requirements in two cases: Forbes and Griffin.  In Forbes v. Township of Lower Merion, the Third Circuit set forth a rule that all dispositions of a motion in which a party pleads qualified immunity must include, at minimum, "an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues."  313 F.3d 144, 149 (3d Cir. 2002).  In Griffin-El v. Beard, the Third Circuit held that where a claim is asserted against numerous officials who interacted with the plaintiff in different ways and at different times, district

courts must analyze separately the conduct of each defendant. 411 F. App'x 517, 519 (3d Cir. 2011) (vacating and remanding for district court's failure to engage in requisite defendant-specific analysis).  The Griffin court found insufficient the lower court's general statement that it would be clear to a reasonable prison official that the plaintiff had a right to be free from retaliation for exercising his right to file grievances.  Id. at 520.

The Court now expands on its previous opinion below.

B.    Violation of a Constitutional Right

A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him."  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  In this case, the parties dispute whether a causal link exists between the plaintiff's exercise of constitutional rights and the adverse actions taken against him.

To establish the requisite causal connection, a plaintiff usually must prove either (1) an "unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism

coupled with timing to establish a causal link.  Lauren W. ex
rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007);
Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997)
(finding a period of 19 months to be insufficiently suggestive of
retaliatory motive).  In the employment discrimination context,
the Third Circuit has found that two days are suggestive enough
to establish a causal connection, but that two months are not.
Compare Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989)
(finding two days to be suggestive enough to establish a causal
connection) with Williams v. Phila. Housing Auth. Police Dept.,
380 F.3d 751, 760 (3d Cir. 2004) (two months not unduly
suggestive of causal link).

          Where temporal proximity is missing, courts may look to
the intervening period for other evidence of retaliatory animus,
such as an intervening pattern of antagonism.  Krouse, 126 F.3d
at 504.  Alternatively, the plaintiff must show that the trier of
the fact should infer causation from the "evidence gleaned from
the record as a whole."  DeFlaminis, 480 F.3d at 267 (citations
omitted).

          The defendants argue that the Court erred in relying on
hearsay evidence when analyzing the causation element of the
plaintiff's retaliation claim.  The plaintiff argues that hearsay
exceptions apply and that, in the alternative, other evidence
establishes the causal link between Barr's exercise of his

constitutional rights and the adverse actions taken against him.

The Court agrees with the plaintiff.


        1.   <u>Hearsay</u>

In this circuit, hearsay evidence produced in an

affidavit opposing summary judgment may be considered if the out-

of-court declarant could later present the evidence in a form

that would be admissible at trial.  See <u>Shelton v. Univ. of Med.</u>

<u>& Dentistry</u>, 223 F.3d 220, 223 n.2 (3d Cir. 2000); <u>J.F. Feeser,</u>

<u>Inc. v. Serv-A-Portion, Inc.</u>, 909 F.2d 1524, 1542 (3d Cir. 1990).

The defendants argue that the Court relied on two

hearsay statements in Barr's declaration: (1) Officer Young told

Barr that defendant Feild told Young that he was "pissed off"

that Barr named him in a grievance,[3] and (2) Barr was told by

Lieutenant Robinson, Officer Settles, and Officer Young that he

was on defendant Rodriguez's "hit list."  See Barr Decl. ¶¶ 4, 8,

9, 13; Barr Dep. 55.  It does not appear that Barr can present

testimony other than his own at trial to substantiate either

statement.  Officer Young testified in his deposition that he did

not recall the "hit list" statement, and did not interact with

---

[3] Barr also claims that Officer Young told him that
defendant Feild said he would allow Barr back to the Old Side
only if he did not file any additional grievances against Feild
or approach him in the hallways for at least six months.  Barr
Decl. ¶ 5.  The same hearsay-within-hearsay analysis that follows
applies to this statement.

Major Feild regarding plaintiff Barr.  See Mot. for

Reconsideration ("MTR"), Ex. 1 (hereinafter "Young Dep.") 31-32,

33.  Further, there is no testimony in the summary judgment

record from either Lieutenant Robinson or Officer Settles.  Thus,

for the statements to be considered on summary judgment, Barr

must show that his own testimony regarding these statements could

be presented in an admissible form at trial.

          Both the "pissed off" and "hit list" statements are

hearsay within hearsay, so Barr must demonstrate the

admissibility of both layers of hearsay.  See Fed. R. Evid. 805;

Smith v. City of Allentown, 589 F.3d 684, 693 (3d Cir. 2009).

           The first hearsay layer - Feild's "pissed off" comment

to Young or Rodriguez's "hit list" comment to the corrections

officers - qualifies as a non-hearsay admission by defendants

Feild and Rodriguez, party-opponents, under Federal Rule of

Evidence 801(d)(2)(A).

          The plaintiff argues that the second layer, Young's

repetition of each defendant's comment to Barr, is a non-hearsay

admission by a party opponent made by the party's agent under

Rule 801(d)(2)(D).  See Opp. to MTR 5-6.  For Rule 801(d)(2)(D)

to apply, the statement must concern matters within the scope of

the declarant's agency or employment.  United States v. Riley,

621 F.3d 312, 338 (3d Cir. 2010).  Here, whether Officer Young,

the declarant, is defendants' agent for the purposes of Rule

801(d)(2)(D) turns on whether Feild and Rodriguez personally directed Young's work on a continuing basis.  See Lippay v. Christos, 996 F.2d 1490, 1498 (3d Cir. 1993) (finding that informant was not state undercover narcotics officer's agent because officer lacked continuous supervisory control over informant necessary to create relationship).  The mere fact that a declarant is subordinate to a party opponent does not render the declarant an agent thereof.  See id. at 1499; see also Boren v. Sable, 887 F.2d 1032, 1040 (10th Cir. 1989) ("mere occupation of a subordinate position in the corporate chain of command" did not suffice to establish agency relationship).

Although the record is not robust on the agency relationship between Officer Young and defendants Feild and Rodriguez, the Court finds that there is enough to survive summary judgment as to each defendant.  It may be that the plaintiff can establish the admissibility of the defendants' statements at trial.

With respect to defendant Feild, the record shows that Officer Young worked for Major Feild on the blocks and reported to him when the latter made his rounds.  Young Dep. 33.  Major Feild testified that he makes rounds on a weekly basis and that he received feedback from staff on his rounds regarding inmates.  Feild Dep. 134-35.  Although Feild's testimony does not indicate that he receives reports specifically from Officer Young, a

reasonable jury could infer from these facts that Officer Young
reported to Feild on a regular basis during Feild's weekly
rounds.  Thus, the Court could find at trial that Young was
Feild's agent for the purposes of Rule 801(d)(2)(D) and that
Young's repetition of Feild's "pissed off" comment constitutes
non-hearsay.

A similar analysis applies to the relationship between
Officer Young and defendant Rodriguez.  The record shows that
Rodriguez was not Young's immediate supervisor.  However, Young
interacted with Rodriguez a few times per week.  Young Dep. 27,
31.  Furthermore, defendant Rodriguez testified that it was part
of her job to communicate with correctional officers regarding
inmates and that she had the authority to direct and instruct
correctional officers regarding the treatment of specific
inmates.  Rodriguez Dep. 115-16.  As with Major Feild, who was
Rodriguez's supervisor, a reasonable jury could find that Young
was Rodriguez's agent.  Thus, the Court could find at trial that
Young's repetition of Rodriguez's "hit list" comment is
admissible non-hearsay under Rule 801(d)(2)(D).

The Third Circuit's remand opinion cited the "pissed
off" comment and Feild's willingness to move Barr to the Old Side
if the latter stopped filing grievances as facts supporting a
causal link between Barr's use of the grievance process and the
adverse actions taken against him.  Because the Court finds that

Feild's "pissed off" comment and Rodriguez's "hit list" comment could both be presented in an admissible form at trial, the Court denies the defendants' motion to reconsider the denial of their summary judgment motion on Barr's First Amendment retaliation claim.

### 2.    Other Evidence of a Causal Link

Even if the Court did not consider the hearsay-within-hearsay statements, there is other evidence in the record of a causal link between Barr's December grievances and the adverse actions taken against him, at least with respect to defendant Rodriguez.

The summary judgment record shows that defendant Rodriguez placed restrictions on Barr in the spring of 2007, shortly after Barr filed his December grievances.  Because Barr's testimony regarding the timing of events is not exact, it is not clear whether the restrictions fall within the range that the Third Circuit has found to be unusually suggestive. Nevertheless, this is the summary judgment stage, and Barr, as the non-moving party, has presented a genuine issue of material fact as to whether Rodriguez's actions occurred within an unusually suggestive time frame of Barr's December grievances. This, alone, is enough to deny summary judgment.

    C.    <u>Clearly Established</u>

The second prong of qualified immunity analysis requires examining whether at the time of the alleged violation, a reasonable officer would have known that his specific conduct violated clearly established constitutional rights.  The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . . "  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001), <u>overruled in part</u> <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009).

The defendants argue that the Court committed an error of law in denying qualified immunity when it stated, generally, that the right not to be retaliated against for protected activity was clearly established.

The Court now clarifies its October 26, 2011 decision by specifying that the right to be free from retaliation for exercise of First Amendment rights - including the filing of grievances - is clearly established.  <u>See</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 592 (1998); <u>Perry v. Sindermann</u>, 408 U.S. 593, 597 (1972).  In <u>Mitchell v. Horn</u>, the Third Circuit held that falsely charging an inmate with misconduct in retaliation for filing complaints against prison officials implicated conduct protected by the First Amendment.  318 F.3d 523, 530 (3d Cir. 2003).  Furthermore, under <u>Hope v. Pelzer</u>, officials can still be on notice that their conduct violates clearly established law even

in novel factual circumstances.  Notice does not require that the conduct involve fundamentally similar facts, so long as the state of the law gives the officials fair warning that their alleged treatment of the plaintiff is unconstitutional.  536 U.S. 730, 741 (2002).

Here, the adverse actions allegedly taken here by each defendant - restricting Barr's access to activities, including to religious services - are sufficiently comparable to making false misconduct charges against a prisoner who files a grievance such that a reasonable official would have known that his conduct violated the plaintiff's First Amendment rights.

An appropriate order follows.